UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| CHARLES W. TAYLOR, | ) |
| | ) |
| Petitioner, | ) Case No. 1:04-cv-763 |
| | ) |
| v. | ) Honorable Robert Holmes Bell |
| | ) |
| KURT JONES, | ) |
| | ) **MEMORANDUM OPINION** |
| Respondent. | ) |
| | ) |

This is a habeas corpus proceeding brought by a state prisoner pursuant to 28 U.S.C. § 2254. A Wayne County jury found petitioner guilty of assault with intent to do great bodily harm less than murder and possession of a firearm during the commission of a felony. On March 11, 1998, the Wayne County Circuit Court sentenced petitioner to serve 10-to-15 years on the assault conviction and a mandatory, consecutive 2-year term for the felony-firearm conviction. After pursuing direct appeals, petitioner initiated this habeas corpus action on November 14, 2004. His *pro se* petition raises four issues. By report and recommendation entered December 28, 2005, Magistrate Judge Joseph G. Scoville recommended that the petition be denied. This matter is now before the court on petitioner's objections to the report and recommendation, which this court must afford *de novo* review.

The report and recommendation (R&R) concluded that grounds 1, 2 and 3 of the petition are barred by the doctrine of procedural default and that petitioner had not established cause or prejudice to excuse the default. In his objections, petitioner avoids the issue of procedural default

and especially avoids presenting any ground upon which this court could find that his defaults were excused by good cause.  Rather, petitioner continues to argue the merits of his underlying issues, without acknowledging the fact that the state courts clearly refused to review those issues because of petitioner's failure to follow the established procedural requirements of state law.

Specifically, petitioner's first claim of instructional error was not raised on direct appeal, and the Michigan courts thereafter refused to review the issue because of petitioner's failure to do so.  Petitioner has established neither cause nor prejudice to excuse this default.  Furthermore, as the R&R accurately points out, the Supreme Court has never held that the failure to instruct on a lesser included offense in a noncapital case gives rise to a constitutional claim.  Because of the absence of Supreme Court authority clearly establishing a federal right, this claim cannot form the basis of habeas corpus relief, even ignoring the procedural default.  *See* 28 U.S.C. § 2254(d).

Petitioner's second claim for relief arises from allegedly improper statements made by the assistant prosecutor in opening and closing arguments.  Again, these claims were not presented to the state courts on direct appeal, and were rejected on collateral review for that reason. Petitioner fails to show cause or prejudice to overcome the default.  Furthermore, as correctly concluded in the R&R, petitioner's allegations of prosecutorial misconduct are baseless.

Petitioner's third claim for relief arises from alleged inaccuracies in the information upon which the trial court based petitioner's sentence.[1]  The piece of allegedly incorrect information had to do with petitioner's status on parole, an issue that the trial judge raised with petitioner himself during an extended colloquy at the sentencing hearing.  Petitioner did nothing to correct the record.

---

[1] Petitioner also raises an insubstantial claim of sentencing error under *Blakely v. Washington*, 542 U.S. 296 (2004).  As the R&R correctly notes, *Blakely* does not apply retroactively.

On direct appeal, the state Court of Appeals refused to review claims of sentencing error, because Michigan law required a contemporaneous objection in the trial court to preserve such claims. Petitioner makes no attempt to explain why this court should override the well-established procedural requirements of state appellate law by reviewing an issue that was clearly defaulted by petitioner's own silence at the sentencing hearing.

Petitioner's fourth claim for relief alleges ineffective assistance of appellate counsel. This claim was not defaulted in the state courts. In essence, petitioner argues that his appellate counsel was ineffective for failure to raise meritless and unsupportable issues on direct appeal. The court finds no error in the analysis in the R&R under the controlling cases of *Strickland v. Washington*, 466 U.S. 668 (1984), and *Smith v. Robbins*, 528 U.S. 259, 288 (2000).

Beyond objecting to the R&R, petitioner attempts to inject new claims into this habeas proceeding. He asserts that the trial judge was biased against him and that the proceedings suffered from some sort of vague "structural error," requiring automatic reversal. These contentions, unexhausted in the state courts and unsupported by any evidence of record, require no discussion.

For the foregoing reasons, petitioner's objections will be overruled and his petition for habeas corpus relief will be denied.

Dated:     January 19, 2006          /s/ Robert Holmes Bell
                                      ROBERT HOLMES BELL
                                      CHIEF UNITED STATES DISTRICT JUDGE